**ORIGINAL**

ORIGINAL

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 1 7 2001

CLERK, U.S. DISTRICT COURT

By _____
          Deputy

| | |
|---|---|
| KEITH DARTLEY, on behalf of himself and all others similarly situated, | § § § |
| Plaintiff, | § § |
| v. | § § |
| ERGOBILT, INC., GERARD SMITH and GERALD MCMILLAN, | § § § |
| Defendants. | § § § § |
| CRUTTENDEN ROTH INCORPORATED, | § § |
| Cross-Claimant, | § § |
| v. | § § |
| ERGOBILT, INC., GERARD SMITH, GERALD MCMILLAN, ROBERT FAUST, WILLIAM BROWN GLENN, JR., MARK MCMILLAN, W. BARTON MUNRO and WILLIAM WEED, | § § § § § § § § |
| Cross-Defendants. | § § § § § |

Civil Action No. 398-CV-1442-M

## DEFENDANT AND CROSS-CLAIMANT CRUTTENDEN ROTH INCORPORATED'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND CROSS-CLAIMS

Julia B. Strickland
Mary D. Manesis
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone:    (310) 556-5800
Facsimile:    (310) 556-5959

Attorneys for Defendant and Cross-Claimant
CRUTTENDEN ROTH INCORPORATED

50141310v1

Defendant and cross-claimant Cruttenden Roth Incorporated ("Cruttenden") hereby answers plaintiffs' First Amended Class Action Complaint (the "Amended Complaint") as follows:

## NATURE OF THE ACTION

1.      Answering Paragraph 1, Cruttenden admits that plaintiffs purport to bring this action as a federal securities class action on behalf of the persons described.  Except as admitted, Cruttenden denies the allegations of Paragraph 1.

## JURISDICTION AND VENUE

2.      Answering Paragraph 2, Cruttenden admits that plaintiffs purport to assert claims under and pursuant to the statutes and rules named.  Except as admitted, Cruttenden denies the allegations of Paragraph 2.

3.      Answering Paragraph 3, Cruttenden admits that plaintiffs purport to establish jurisdiction pursuant to the statutes named.  Except as admitted, Cruttenden denies the allegations of Paragraph 3.

4.      Answering Paragraph 4, Cruttenden admits that plaintiffs purport to establish venue in this District pursuant to the statutes named and that some of the acts alleged in the Amended Complaint occurred in this District.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 as they relate to other acts alleged in the Amended Complaint or the location of ErgoBilt's principal executive offices and, on that basis, denies such allegations.  Except as admitted, Cruttenden denies the allegations of Paragraph 4.

5.      Answering Paragraph 5, Cruttenden admits that means and instrumentalities of interstate commerce were used in connection with some of the acts alleged in the Amended Complaint.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 as they relate to other acts alleged in the Amended Complaint and, on that basis, denies such allegations.

-1-

50141310v1

## PARTIES

### Plaintiffs

6.    Answering Paragraph 6, Cruttenden denies the allegations of Paragraph 6.

7.    Answering Paragraph 7, Cruttenden denies the allegations of Paragraph 7.

8.    Answering Paragraph 8, Cruttenden denies the allegations of Paragraph 8.

### Defendants

9.    Answering Paragraph 9, Cruttenden admits that ErgoBilt is a Texas corporation, has offices in Texas and markets ergonomic office products and that ErgoBilt's stock was listed and traded on NASDAQ. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, on that basis, denies such allegations.

10.    Answering Paragraph 10, Cruttenden admits that ErgoBilt completed an initial public offering ("IPO") of 1.7 million shares of common stock on or about February 3, 1997, that Cruttenden and Principal Financial Securities, Inc. ("Principal") sold some of the shares of ErgoBilt common stock offered in the IPO at $7.00 per share, and that after the IPO, the underwriters exercised the over-allotment and 100,000 additional shares of ErgoBilt common stock were sold at $7.00 per share. Except as admitted, Cruttenden denies the allegations of Paragraph 10.

11.    Answering Paragraph 11, Cruttenden admits that Gerard Smith was at various times the President, Chief Executive Officer and a director of ErgoBilt and that he signed the registration statement ("Registration Statement) for the IPO. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gerard Smith's stock ownership and, on that basis, denies such allegations.

12.    Answering Paragraph 12, Cruttenden admits that Gerald McMillan was at various times the Chairman of the Board of ErgoBilt. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gerard McMillan's stock ownership and sales and, on that basis, denies such allegations.

-2-

13. Answering Paragraph 13, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, on that basis, denies such allegations.

14. Answering Paragraph 14, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, denies such allegations.

15. Answering Paragraph 15, Cruttenden admits that Mark McMillan became a director of ErgoBilt following the IPO and that he is the brother of Gerald McMillan. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and, on that basis, denies such allegations.

16. Answering Paragraph 16, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, on that basis, denies such allegations.

17. Answering Paragraph 17, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis, denies such allegations.

18. Answering Paragraph 18, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, on that basis, denies such allegations.

19. Answering Paragraph 19, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis, denies such allegations.

20. Answering Paragraph 20, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, on that basis, denies such allegations.

21. Answering Paragraph 21, Cruttenden denies the allegations of Paragraph 21 to the extent they allege that the Registration Statement contained false, misleading and incomplete

-3-

50141310v1

information and statements. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and, on that basis, denies such allegations.

22. Answering Paragraph 22, Cruttenden admits that it engaged in the business of investment banking, underwriting and selling securities, that Cruttenden and Principal were co-managing underwriters for the IPO, that Cruttenden and Principal received fees for their services as underwriters for the IPO, and that Cruttenden and Principal received warrants from ErgoBilt to purchase common stock, whose terms speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the nature of Principal's business and, on that basis, denies such allegations. Except as admitted, Cruttenden denies the allegations of Paragraph 22.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

23. Answering Paragraph 23, Cruttenden admits that plaintiffs purport to bring this action as a class action pursuant to the rules named on behalf of the persons described. Except as admitted, Cruttenden denies the allegations of Paragraph 23.

24. Answering Paragraph 24, Cruttenden admits that ErgoBilt's common stock was traded on NASDAQ and that ErgoBilt filed a Form 10-Q dated August 11, 1997 and alleges that the Form 10-Q speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning identification and notification of record owners and other purported class members and plaintiffs' knowledge and belief as to the number of purported class members and, on that basis, denies such allegations. Except as admitted, Cruttenden denies the allegations of Paragraph 24.

25. Answering Paragraph 25, Cruttenden denies the allegations of Paragraph 25 and specifically denies that it engaged in any wrongful conduct.

26. Answering Paragraph 26, Cruttenden admits that certain plaintiffs' counsel are experienced in class and securities litigation. Except as admitted, Cruttenden denies the allegations of Paragraph 26.

50141310v1

27.    Answering Paragraph 27, Cruttenden denies the allegations of Paragraph 27.

28.    Answering Paragraph 28, Cruttenden denies the allegations of Paragraph 28.

## NO SAFE HARBOR

29.    Answering Paragraph 29, Cruttenden denies that it is liable for any allegedly false forward-looking statements or that it knew that a particular forward-looking statement was false. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants' purported liability, knowledge, authorization and/or approval and, on that basis, denies such allegations. Cruttenden denies the remaining allegations of Paragraph 29.

## SUBSTANTIVE ALLEGATIONS

### Applicability Of Presumption Of
### Reliance: Fraud-On-The-Market Doctrine

30.    Answering Paragraph 30, Cruttenden admits that ErgoBilt stock was listed and traded on NASDAQ, ErgoBilt filed documents with the Securities and Exchange Commission, ErgoBilt issued press releases, and securities analysts issued reports on ErgoBilt. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and, on that basis, denies such allegations.

31.    Answering Paragraph 31, Cruttenden denies that purchasers of ErgoBilt stock suffered injury. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and, on that basis, denies such allegations.

### Background Facts

32.    Answering Paragraph 32, Cruttenden admits that ErgoBilt was incorporated as the Chafferton Company, Inc. in 1995 to provide advertising and marketing services to BodyBilt, a manufacturer of premium-priced, ergonomic office chairs, that Mark McMillan, Drew Congleton and Richard Troutman were shareholders of BodyBilt, and that Mark McMillan was the brother of Gerald McMillan. Cruttenden is without knowledge or information sufficient to form a belief

-5-

50141310v1

as to the truth of the remaining allegations of Paragraph 32 and, on that basis, denies such allegations.

33.     Answering Paragraph 33, Cruttenden admits that ErgoBilt entered into a merger agreement, dated August 19, 1996, with BodyBilt, among others, and alleges that the merger agreement speaks for itself.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and, on that basis, denies such allegations.

34.     Answering Paragraph 34, Cruttenden admits that ErgoBilt issued a press release on or about January 23, 1997 and alleges that the press release speaks for itself.

35.     Answering Paragraph 35, Cruttenden admits that the Registration Statement was declared effective by the Securities and Exchange Commission, that the IPO was completed on or about February 3, 1997, that 1,700,000 shares of ErgoBilt common stock were sold in the IPO for $7.00 per share or total proceeds of $11,900,000.00, that the underwriters exercised the over-allotment and 100,000 additional shares of ErgoBilt common stock were sold at $7.00 per share, and that ErgoBilt sold 1,800,000 shares of common stock in the IPO for total proceeds of $12,600,000.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and, on that basis, denies such allegations.

### Materially False And Misleading Statements Made During The Class Period

36.     Answering Paragraph 36, Cruttenden admits that plaintiffs allege that the class period commences on February 3, 1997.  Except as admitted, Cruttenden denies the allegations of Paragraph 36.

### The Patent

37.     Answering Paragraph 37, Cruttenden alleges that the prospectus ("Prospectus") for the IPO speaks for itself and otherwise denies the allegations of Paragraph 37.

38.     Answering Paragraph 38, Cruttenden alleges that the Settlement Agreement dated May 2, 1991 between, among other persons and entities, Jerome Congleton, Congleton

-6-

Ergonomic Chairs, Inc. and Congleton Chair Works, Inc. speaks for itself. Cruttenden otherwise denies the allegations of Paragraph 38.

39. Answering Paragraph 39, Cruttenden alleges that the Prospectus and the Registration Statement speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported notification by Dr. Congleton and subsequent disclosure of such notification and, on that basis, denies such allegations. Cruttenden otherwise denies the allegations of Paragraph 39.

40. Answering Paragraph 40, Cruttenden alleges that the Prospectus speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the complaint and a memorandum in ErgoBilt, Inc. v. Neutral Posture Ergonomics, Inc., and, on that basis, denies such allegations. Cruttenden otherwise denies the allegations of Paragraph 40.

### The Prospectus' Failure To Inform Investors Of ErgoBilt's Lack Of Internal Controls And Accounting Systems

41. Answering Paragraph 41, Cruttenden alleges that the Prospectus speaks for itself and otherwise denies the allegations of Paragraph 41.

42. Answering Paragraph 42, Cruttenden alleges that the Prospectus speaks for itself and otherwise denies the allegations of Paragraph 42.

43. Answering Paragraph 43, Cruttenden denies the allegations that the statements referenced in the Prospectus were materially false and misleading and that Cruttenden failed to disclose that ErgoBilt lacked the internal controls and accounting systems necessary to effectively manage its operations. Cruttenden alleges that the documents referenced in subparagraphs (a), (b) and (c) speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and, on that basis, denies such allegations.

44. Answering Paragraph 44, Cruttenden alleges that the Prospectus speaks for itself. Cruttenden denies that the statements referenced in the Prospectus were materially misleading.

-7-

50141310v1

Cruttenden further denies the allegations of Paragraph 44 to the extent they allege that Cruttenden failed to disclose ErgoBilt was experiencing the purported future contingent risks, which were negatively impacting its business and operations. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and, on that basis, denies such allegations.

**Misrepresentations Following The IPO**

**ErgoBilt's Statement Concerning Its Newly-Acquired CTSS Technologies**

45.    Answering Paragraph 45, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' claim against Cruttenden under Section 11 of the Securities Act of 1933 (the "Securities Act"). Cruttenden admits that ErgoBilt issued a press release on or about March 26, 1997 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and, on that basis, denies such allegations.

46.    Answering Paragraph 46, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that Asensio & Company issued a statement on or about September 24, 1997 and alleges that the statement speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and, on that basis, denies such allegations.

**ErgoBilt's Falsely Optimistic Outlook For 1997**

47.    Answering Paragraph 47, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about March 31, 1997 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and, on that basis, denies such allegations.

-8-

48.     Answering Paragraph 48, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about April 28, 1997 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and, on that basis, denies such allegations.

### ErgoBilt's False Statements With Respect To Its Second Quarter

49.     Answering Paragraph 49, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about July 30, 1997 and alleges that the press release speaks for itself.

50.     Answering Paragraph 50, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about February 26, 1998 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and, on that basis, denies such allegations.

51.     Answering Paragraph 51, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt filed a Form 10-Q, dated August 11, 1997, for the quarter ending June 30, 1997 with the Securities and Exchange Commission and that the Form 10-Q was signed by Gerard Smith and alleges that the Form 10-Q speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning when the Form 10-Q was filed and, on that basis, denies such allegation.

52.     Answering Paragraph 52, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about May 14,

50141310v1

1998 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and, on that basis, denies such allegations.

53.    Answering Paragraph 53, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, on that basis, denies the allegations.

54.    Answering Paragraph 54, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of Generally Accepted Accounting Principles ("GAAP") and Financial Accounting Standards Board ("FASB") Statement Of Concepts ("Concepts Statement") No. 1 and alleges that such principles and statement speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 and, on that basis, denies such allegations.

55.    Answering Paragraph 55, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of FASB Concept Statement No. 5, Accounting Principles Board ("APB") Opinion No. 10, and FASB Statement of Financial Accounting Standards ("SFAS") No. 5 and alleges that such statements and opinions speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and, on that basis, denies such allegations.

56.    Answering Paragraph 56, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, on that basis, denies the allegations.

57.    Answering Paragraph 57, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim

50141310v1

against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, on that basis, denies the allegations.

58.    Answering Paragraph 58, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and, on that basis, denies the allegations.

59.    Answering Paragraph 59, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, on that basis, denies the allegations.

60.    Answering Paragraph 60, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of SFAS No. 5 and alleges that such statement speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 and, on that basis, denies such allegations.

61.    Answering Paragraph 61, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of SFAS No. 5 and alleges that such statement speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 and, on that basis, denies such allegations.

62.    Answering Paragraph 62, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of Regulation S-X [17 C.F.R. § 210.10-01] and alleges that the regulation speaks for itself. Cruttenden is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 and, on that basis, denies such allegations.

63.    Answering Paragraph 63, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and, on that basis, denies the allegations.

64.    Answering Paragraph 64, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits the existence of SFAS No. 48 and FASB Concept Statements Nos. 1 and 2 and alleges that such statements speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and, on that basis, denies such allegations.

65.    Answering Paragraph 65, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about August 28, 1997 and alleges that the press release speaks for itself.

66.    Answering Paragraph 66, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about October 1, 1997 and alleges that the press release speaks for itself.

67.    Answering Paragraph 67, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about October 16, 1997 and alleges that the press release speaks for itself.

68.    Answering Paragraph 68, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim

-12-

against Cruttenden. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, on that basis, denies the allegations.

### ErgoBilt's False Statements With Respect To Its Third Quarter

69.    Answering Paragraph 69, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about October 30, 1997 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69 and, on that basis, denies such allegations.

70.    Answering Paragraph 70, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt filed a Form 10-Q, dated November 14, 1997, for the quarter ended September 30, 1997 with the Securities and Exchange Commission and that the Form 10-Q was signed by Gerard Smith. Cruttenden alleges that the Form 10-Q speaks for itself.

71.    Answering Paragraph 71, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about May 14, 1998 and alleges that the press release speaks for itself. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and, on that basis, denies the allegations.

### ErgoBilt's Use Of Its Inflated Stock To Complete Acquisitions And Increase Its Credit Facilities

72.    Answering Paragraph 72, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about October 16, 1997 announcing that it had acquired the proprietary assets of Computer Translation

-13-

Systems and Support, Inc., and that ErgoBilt issued a press release on or about November 7, 1997 regarding Cheetah Systems, Inc. and alleges that the press releases speak for themselves. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 and, on that basis, denies such allegations.

73.   Answering Paragraph 73, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about November 17, 1997 and alleges that the press release speaks for itself.

74.   Answering Paragraph 74, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about December 19, 1997 and alleges that the press release speaks for itself.

75.   Answering Paragraph 75, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about December 24, 1997 and issued a press release on or about January 16, 1998 and alleges that the press releases speak for themselves.

76.   Answering Paragraph 76, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about December 30, 1997 and alleges that the press release speaks for itself.

**ErgoBilt's Partial Disclosures**

77.   Answering Paragraph 77, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden. Cruttenden admits that ErgoBilt issued a press release on or about February 26, 1998 and alleges that the press release speaks for itself. Cruttenden is without

-14-

50141310v1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77 and, on that basis, denies such allegations.

78.    Answering Paragraph 78, Cruttenden alleges that the ErgoBilt defendants' purported misrepresentations following the IPO do not relate to plaintiffs' Section 11 claim against Cruttenden.  Cruttenden admits that ErgoBilt issued a press release on or about May 6, 1998 and alleges that the press release speaks for itself.

## Post Class Period Announcements

79.    Answering Paragraph 79, Cruttenden admits that ErgoBilt issued a press release on or about May 14, 1998 and alleges that the press release speaks for itself.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 and, on that basis, denies such allegations.

80.    Answering Paragraph 80, Cruttenden admits that ErgoBilt issued a press release on or about May 15, 1998 and alleges that the press release speaks for itself.

81.    Answering Paragraph 81, Cruttenden alleges that the share prices of ErgoBilt common stock were a matter of public record and speak for themselves.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and, on that basis, denies such allegations.

82.    Answering Paragraph 82, Cruttenden admits that ErgoBilt issued a press release on or about June 15, 1998 and alleges that the press release speaks for itself.

83.    Answering Paragraph 83, Cruttenden alleges that the share prices of ErgoBilt common stock were a matter of public record and speak for themselves.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and, on that basis, denies such allegations.

84.    Answering Paragraph 84, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning PricewaterhouseCooper's resignation and ErgoBilt's delisting and, on that basis, denies such allegations.  Cruttenden alleges that the share prices of ErgoBilt common stock were a matter of public record and speak

50141310v1

for themselves. Cruttenden admits that ErgoBilt issued a press release on or about August 19, 1998 and alleges that the press release speaks for itself.

85.    Answering Paragraph 85, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, on that basis, denies the allegations.

## FIRST CLAIM

### (Against Defendants (Other than Troutman) for Violations of Section 11 of the Securities Act)

86.    Answering Paragraph 86, Cruttenden admits that each plaintiff purports to repeat and reallege each allegation set forth in Paragraphs 1 through 85, excluding any allegation that may be interpreted to sound in fraud. Cruttenden incorporates by reference its responses to Paragraphs 1 through 85 as if fully set forth herein.

87.    Answering Paragraph 87, Cruttenden admits that plaintiffs purport to bring the claim pursuant to the statute named on behalf of the class, as defined, against the defendants named. Cruttenden further admits that ErgoBilt was the issuer of the securities in the IPO, Gerard Smith was a director of ErgoBilt at various times and signed the Registration Statement, Gerald McMillan was a director of ErgoBilt at various times, the Registration Statement stated that Robert Faust, William Brown Glenn, Jr., Mark McMillan, W. Barton Munro, and William Weed had consented to become directors of ErgoBilt after the closing of the IPO, and Cruttenden and Principal served as underwriters with respect to the IPO. Except as admitted, Cruttenden denies the allegations of Paragraph 87.

88.    Answering Paragraph 88, Cruttenden denies the allegations of Paragraph 88.

89.    Answering Paragraph 89, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and, on that basis, denies the allegations.

50141310v1

90.     Answering Paragraph 90, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and, on that basis, denies the allegations.

91.     Answering Paragraph 91, Cruttenden denies the allegation that it did not make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not materially misleading.  Cruttenden is without knowledge or information sufficient to form a belief as to the truth of such allegation against the other defendants and, on that basis, denies such allegations.

92.     Answering Paragraph 92, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and, on that basis, denies the allegations.

93.     Answering Paragraph 93, Cruttenden denies the allegations of Paragraph 93.

94.     Answering Paragraph 94, Cruttenden denies the allegations of Paragraph 94.

## SECOND CLAIM

### (Against ErgoBilt and the Underwriter Defendants for Violations of Section 12(a)(2) of the Securities Act)

95.     Answering Paragraph 95, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required.  To the extent that a responsive pleading by Cruttenden is required, Cruttenden admits that the alleged sub-class lead plaintiffs and plaintiff Mark Conlee purport to repeat and reallege the allegations set forth in Paragraphs 1 through 94, excluding any allegation that may be interpreted to sound in fraud.  Cruttenden incorporates by reference its responses to Paragraphs 1 through 94 as if fully set forth herein.

96.     Answering Paragraph 96, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required.  To the extent that a responsive pleading by Cruttenden is required, Cruttenden admits

50141310v1

that plaintiffs purport to bring the claim pursuant to the statute named on behalf of the alleged sub-class, as defined, against the defendants named. Except as admitted, Cruttenden denies the allegations of Paragraph 96.

97. Answering Paragraph 97, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden denies that it was a seller, offeror, and/or solicitor of sales of shares of ErgoBilt common stock, by means of the Prospectus, to plaintiffs and alleged sub-class members. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations against other defendants and, on that basis, denies such allegations.

98. Answering Paragraph 98, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden denies the allegations of Paragraph 98.

99. Answering Paragraph 99, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden admits that it was obligated to comply with any duties prescribed by law and alleges that it complied with any such duties. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants and, on that basis, denies such allegations. Except as admitted, Cruttenden denies the allegations of Paragraph 99.

100. Answering Paragraph 100, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and, on that basis, denies the allegations.

-18-

50141310v1

101.    Answering Paragraph 101, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden denies the allegations of Paragraph 101.

102.    Answering Paragraph 102, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden denies that it violated Section 12(a)(2) of the Securities Act. Cruttenden is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants and, on that basis, denies such allegations.

103.    Answering Paragraph 103, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden admits that plaintiffs purport to tender their ErgoBilt shares or seek damages in the amount described. Except as admitted, Cruttenden denies the allegations of Paragraph 103.

104.    Answering Paragraph 104, plaintiffs' Section 12(a)(2) claim has been dismissed as against Cruttenden and, therefore, no responsive pleading by Cruttenden to such claim is required. To the extent that a responsive pleading by Cruttenden is required, Cruttenden denies the allegations of Paragraph 104.

## THIRD CLAIM

### (Against the Individual Defendants for
### Violations of Section 15 of the Securities Act)

105.    Answering Paragraph 105, plaintiffs do not assert the Third Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

106.    Answering Paragraph 106, plaintiffs do not assert the Third Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

-19-

50141310v1

107.    Answering Paragraph 107, plaintiffs do not assert the Third Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

## FOURTH CLAIM

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against ErgoBilt and the Individual Defendants)

108.    Answering Paragraph 108, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

109.    Answering Paragraph 109, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

110.    Answering Paragraph 110, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

111.    Answering Paragraph 111, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

112.    Answering Paragraph 112, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

113.    Answering Paragraph 113, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

114.    Answering Paragraph 114, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

115.    Answering Paragraph 115, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

116.    Answering Paragraph 116, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

117.    Answering Paragraph 117, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

118.    Answering Paragraph 118, plaintiffs do not assert the Fourth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

50141310v1

## FIFTH CLAIM

### (Violation of Section 20(a) of the Exchange Act Against Individuals Defendants)

119.     Answering Paragraph 119, plaintiffs do not assert the Fifth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

120.     Answering Paragraph 120, plaintiffs do not assert the Fifth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

121.     Answering Paragraph 121, plaintiffs do not assert the Fifth Claim against Cruttenden and, therefore, no responsive pleading by Cruttenden is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State Claim)

122.     The Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Cruttenden.

### Second Affirmative Defense

### (Statute of Limitations)

123.     Plaintiffs and purported class and sub-class members did not assert their claims against Cruttenden within one year of the time they discovered or, in the exercise of reasonable diligence, should have discovered, the alleged misrepresentations and omissions of material fact in the Registration Statement.  Their claims, therefore, are barred, in whole or part, by the statute of limitations.

### Third Affirmative Defense

### (Standing)

124.     Plaintiffs and purported class and sub-class members lack standing to assert claims against Cruttenden under Section 11 of the Securities Act to the extent that they did not purchase their ErgoBilt shares in the IPO or traceable to the IPO and Registration Statement.

-21-

50141310v1

## Fourth Affirmative Defense

### (Due Diligence)

125.    As to statements in the Registration Statement not made on the authority of an expert, Cruttenden conducted reasonable investigation and, after such investigation, had reasonable ground to believe and did believe, at the time the Registration Statement became effective, that such statements were true and that there was no omission to state a material fact required to be stated therein or necessary to make such statements not misleading.

## Fifth Affirmative Defense

### (Reliance on Experts)

126.    As to statements in the Registration Statement made on the authority of an expert, Cruttenden had no reasonable ground to believe and did not believe, at the time the Registration Statement became effective, that such statements were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make such statements not misleading.

## Sixth Affirmative Defense

### (Plaintiffs' Knowledge)

127.    Plaintiffs and purported class and sub-class members knew of any untrue statements or omissions of material fact in the Registration Statement at the time they acquired ErgoBilt stock and their claims, therefore, are barred.

## Seventh Affirmative Defense

### (Loss Causation)

128.    Plaintiffs and purported class and sub-class members may not recover any portion of alleged damages other than the depreciation in value of ErgoBilt's stock resulting from purported untrue statements or omissions of material facts in the Registration Statement.

50141310v1

## Eighth Affirmative Defense

### (Limitation on Recovery)

129.    Plaintiffs and purported class and sub-class members may not recover alleged damages from Cruttenden in excess of the total price at which the ErgoBilt stock underwritten by Cruttenden and distributed to the public was offered to the public.

WHEREFORE, Cruttenden prays as follows:

1.    That plaintiffs take nothing by reason of their Amended Complaint as against Cruttenden and that judgment be rendered in favor of Cruttenden;

2.    That Cruttenden be awarded its costs of suit incurred in defense of this action; and

3.    For such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

For its cross-claims against certain other defendants, Cruttenden Roth Incorporated alleges and states as follows:

### First Cross-Claim

### (Against ErgoBilt and the Individual Defendants (Other than

### Troutman) for Statutory Contribution)

1.    Plaintiffs assert Claim I for violations of Section 11 of the Securities Act against ErgoBilt, and Gerard Smith, Gerald McMillan, Robert Faust, William Brown Glenn, Jr., Mark McMillan, W. Barton Munro and William Weed (collectively, excluding Richard Troutman, the "Individual Defendant"), and Cruttenden and Principal.

2.    Defendant ErgoBilt was the issuer of the common stock in the IPO.  Individual Defendants Gerard Smith and Gerald McMillan signed the Registration Statement for the IPO. The Registration Statement stated that Individual Defendants Robert Faust, William Brown Glenn, Jr., Mark McMillan, W. Barton Munro, and William Weed had consented to become directors of ErgoBilt immediately after the closing of the IPO.  Robert Faust, William Brown Glenn, Jr., Mark McMillan, W. Barton Munro, and William Weed consented to being named in the Registration Statement as about to become directors of ErgoBilt.

-23-

3.      Plaintiffs do not allege that Cruttenden was guilty of, and Cruttenden was not guilty of, fraudulent misrepresentation.

4.      Cruttenden is entitled to recover, and by this cross-claim seeks to recover, contribution from ErgoBilt and the Individual Defendants for any payment Cruttenden becomes liable to make under Section 11 to the extent that ErgoBilt and the Individual Defendants, if sued separately, would have been liable to make the same payment.

**Second Cross-Claim**

**(Against ErgoBilt for Contractual Indemnification)**

1.      ErgoBilt, on the one hand, and Cruttenden and Principal, on behalf of the underwriters for the IPO, on the other hand, entered into an Underwriting Agreement dated January 30, 1997 in connection with the IPO.  The Underwriting Agreement provides, among other things, that ErgoBilt will indemnify the underwriters against any losses, claims, damages or liabilities, joint or several, to which they become subject, under the Securities Act, to the extent that such losses, claims, damages or liabilities arise out of or are based on alleged misstatements or omissions in the Registration Statement or the Prospectus for the IPO and that ErgoBilt will reimburse the underwriters for any legal or other expenses reasonably incurred by them in connection with investigating or defending any such action or claim.

2.      Plaintiffs assert a claim under Section 11 of the Securities Act against Cruttenden in this action, based on alleged misstatements and omissions in the Registration Statement and the Prospectus for the IPO.  Plaintiffs also asserted a claim under Section 12(a)(2) of the Securities Act against Cruttenden, based on alleged misstatements and omissions in the Prospectus for the IPO.  Although plaintiffs' Section 12(a)(2) claim against Cruttenden has been dismissed, Cruttenden incurred reasonable legal expenses in defending itself against such claim.

3.      Cruttenden has incurred, and expects to continue to incur, reasonable legal expenses to defend itself against plaintiffs' claims in this action.

4.      Cruttenden has performed all its obligations under the Underwriting Agreement.

-24-

50141310v1

5.      Pursuant to the Underwriting Agreement, Cruttenden is entitled to recover, and by this cross-claim seeks to recover, from ErgoBilt, indemnification for any losses, claims, damages or liabilities to which it becomes subject under Section 11 in this action and reimbursement for any legal or other expenses which it reasonably has incurred or will incur in connection with investigating or defending the action and the Section 11 and Section 12(a)(2) claims against it.

WHEREFORE, Cruttenden prays as follows:

1.      That the Court enter judgment in favor of Cruttenden and against defendants on its cross-claims; and

2.      For such other and further relief as the Court deems just and proper.

Dated: May 16, 2001

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By: _____
Mary D. Manesis

Julia B. Strickland (Cal. SBN 83013)
Mary D. Manesis (Cal. SBN 150372)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, 18th Floor
Los Angeles, California  90067

Attorneys for Defendant and Cross-Claimant
  CRUTTENDEN ROTH INCORPORATED

50141310v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT AND CROSS-CLAIMANT CRUTTENDEN ROTH INCORPORATED'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND CROSS-CLAIMS** was served by U.S. Mail on May 17, 2001 on the following counsel of record, pursuant to F.R.C.P. 5(b):

Miriam G. Bahcall, Esq.
Steven M. Malina, Esq.
Rawn Howard Reinhard, Esq.
Ungaretti & Harris
3500 Three First National Plaza
Chicago, Illinois 60602

Robert A. Wallner, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10019

Edward S. Koppman, P.C.
Akin, Gump, Strauss, Hauer & Feld, LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675

Marc R. Stanley, Esq.
Roger L. Mandel, Esq.
Stanley, Mandel & Iola LLP
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205

Drew R. Heard, Esq.
Christina Bartholomew, Esq.
Jenkins & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202-2799

_____
Mary D. Manesis

50141310v1